**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

JEREMY SINGH,

      Plaintiff,

v.

JET PARTS ENGINEERING, LLC,

      Defendant.

**Case No. 0:26 cv 62133**

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff, Jeremy Singh ("Mr. Singh") sues Defendant, ("Jet Parts Engineering"), and alleges:

## INTRODUCTION

1. This is an individual action for damages, costs, and attorney's fees brought against Defendant pursuant to the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.*("FCRA").

2. AssureHire is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis. It sells consumer reports generated from its database and furnishes these consumer reports to employers who use the reports to make decisions regarding whether to offer employment to certain consumers.

3. AssureHire reported to Plaintiff's prospective employer a criminal record that should not have been included in the employment purposed consumer report.

4. On or about April 3, 2026, AssureHire reported a criminal case that did not result in a conviction.

5. Plaintiff has no other criminal records to speak of.

1

6. Jet Parts Engineering ordered an employment purposed consumer report about Plaintiff from AssureHire. Jet Parts Engineering denied Plaintiff's employment application after receiving AssureHire's report wherein AssureHire published the case that should not have been reported.

7. As described below, Jet Parts Engineering to provide disclosures of its adverse action on the report that were mandated by the FCRA which left Plaintiff in the unenviable position of being unable to explain or even know what was on the report.

8. As a result of Defendant's violations of the FCRA, Plaintiff has suffered a range of actual damages including, without limitation, loss of employment, wages, and benefits; loss of employment opportunities, wages, and benefits; loss of economic opportunities and positions and advancements in the future; damage to his reputation; loss of sleep; lasting psychological damage; loss of capacity for enjoyment of life; and emotional distress, including mental anguish, anxiety, fear, frustration, humiliation, and embarrassment.

9. As a result of Defendant's conduct, action and inaction, Plaintiff brings a claim against Defendant for violation of the FCRA.

**PARTIES**

10. Plaintiff is a natural person residing in Broward County, Florida, and is a "consumer" as that term is defined in 15 U.S.C. § 1681a(c).

11. AssureHire is a California corporation doing business throughout the United States, including the State of Florida and in this District, and has a principal place of business located at 2206 Plaza Drive, Suite 100, Rocklin CA 95765.

12. Among other things, AssureHire sells background checks to employers for their use in deciding whether to offer employment to prospective employees or to take adverse action

2

such as termination, failure to hire, or failure to promote.  These reports are provided in connection with a business transaction initiated by the employer.

13.     AssureHire  is a consumer reporting agency as defined in 15 U.S.C. § 1681a(f) because for  monetary  fees,  it  regularly  engages  in  the  practice  of  evaluating  and/or assembling  information  on  consumers  for  the  purpose  of  furnishing  consumer  reports  for employment purposes to third parties, and uses interstate commerce, including the Internet,  for the purpose of preparing and furnishing such consumer reports.

14.     Jet Parts Engineering is a Delaware limited liability company doing business throughout the United States, including the State of Florida and in this District and has a principal place of business located at 4772 Ohio Avenue S., Seattle, Washington 98134.

## JURISDICTION AND VENUE

15.     This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and 15 U.S.C. § 1681p, which allows claims under the FCRA to be brought in any appropriate court of competent jurisdiction.

16.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## STATUTORY BACKGROUND

17.     Enacted in 1970, the FCRA's passage was driven in part by two related concerns: first, that consumer reports were playing a central role in people's lives at crucial moments, such as when they applied for a job or credit, and when they applied for housing.  Second, despite their importance, consumer reports were unregulated and had widespread errors and inaccuracies.

3

18. While recognizing that consumer reports play an important role in the economy, Congress wanted consumer reports to be "fair and equitable to the consumer" and to ensure "the confidentiality, accuracy, relevancy, and proper utilization" of consumer reports. 15 U.S.C. § 1681.

19. Congress, concerned about inaccuracies in consumer reports, specifically required consumer reporting agencies to follow "reasonable procedures to assure maximum possible accuracy" in consumer reports. 15 U.S.C. § 1681e(b).

20. Consumer reports that contain factually incorrect information which does not belong to the consumer at issue are neither maximally accurate nor fair to the consumers who are the subjects of such reports.

## THE FCRA'S PROTECTIONS FOR JOB APPLICANTS

21. Despite its name, the Fair Credit Reporting Act covers more than just credit reporting, it also regulates employment background check reports like the one AssureHire prepared in Plaintiff's name.

22. The FCRA provides a number of protections for job applicants who are the subject of background checks for purposes of securing employment, housing, and other purposes.

23. In the parlance of the FCRA, background checks are "consumer reports," and providers of background checks, like Defendant, are "consumer reporting agencies." 15 U.S.C. §§ 1681a(d) and (f).

24. The FCRA imposes duties on consumer reporting agencies to assure that consumer reports are accurate and that "consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681.

25. Under 15 U.S.C. § 1681e(b), consumer reporting agencies are required "to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

26. Defendant disregarded its duties under the FCRA with respect to Plaintiff's background check report.

## FACTS

### Plaintiff Applies for Work at Jet Parts Engineering

27. In April 2026, Plaintiff applied for a job at Jet Parts Engineering.

28. As part of the application process, Jet Parts Engineering required a background check. Employment with Jet Parts Engineering was conditioned on Plaintiff passing the background check ("Consumer Report").

### AssureHire Published an Inaccurate Background Check Report as to Mr. Singh

29. Jet Parts Engineering contracted with AssureHire to conduct background checks, including criminal background checks, on its prospective and current employees.

30. On or about April 3, 2026, in accordance with its policy, Jet Parts Engineering ordered a criminal background check on Plaintiff from Defendant.

31. On or about April 7, 2026, in accordance with its standard procedures, AssureHire completed its consumer report about Plaintiff and sold same to Jet Parts Engineering.

### Jet Parts Engineering Denies Employment to Plaintiff

32. On April 8, 2026, Jet Parts Engineering through its Human Resource Manager, Jessica Hancock, sent or caused to be to Plaintiff an email which withdrew the employment offer to Plaintiff ("Adverse Action Notice").

33. A copy of the redacted Adverse Action Notice is attached hereto as Exhibit "A."

34.     Through the Adverse Action Notice, Jet Parts Engineering informed Plaintiff of the following:

> Following the completion of your pre-employment background check, we are rescinding our offer of employment for the position of HR Manager.
>
> The background check revealed a felony conviction that was not disclosed at any point during the hiring process. While we understand that everyone's past is not without fault, the decision not to come forward with this information is what gives us pause. The HR Manager role demands the highest level of integrity and trust, and we expect that standard to begin with the hiring process itself.

35.     Plaintiff did not have a felony conviction.

36.     Jet Parts Engineering failed to hire Plaintiff without any advance notice that it was going to take adverse action, without providing him with a copy of the Consumer Report, and without providing him with a written summary of his rights under the FCRA.

37.     Jet Parts Engineering failed to provide a copy of the foregoing in a sufficient amount of time before it took the adverse action to allow Plaintiff to discuss the report with Jet Parts Engineering or otherwise respond before the adverse action was taken by Jet Parts Engineering.

38.     By information and belief, it is the standard practice of Jet Parts Engineering to obtain and rely on consumer reports for employment purposes. When the results are unsatisfactory, Jet Parts Engineering refuses to hire applicants on the spot without giving them any advance notice of the adverse action, without providing them with a copy of their consumer report, and without providing them with a summary of their rights under the FCRA before taking the adverse action.

39.     Plaintiff was shocked. Plaintiff did not have a conviction.

40.     Plaintiff was panicked, confused, and concerned about the impact of the inaccurate reporting both in relation to the position with Jet Parts Engineering, but also the impact of same on his future prospects.  His emotional distress was compounded by the fact that Jet Parts Engineering did not provide him with a copy of the Consumer Report.

**Plaintiff Suffers Economic and Intangible Harm.**

41.     The inaccurate report cost Plaintiff a promising, well-paying job with Jet Parts Engineering.

42.     The injuries suffered by Plaintiff as a direct result of Defendant's conduct are the type of injuries that the FCRA was enacted to address.  Under common law, Defendant's conduct would have given rise to causes of action based on defamation and invasion of privacy.

43.     As a result of Defendant's violations of the FCRA, Plaintiff has suffered a  range of actual damages including, without limitation, loss of employment, wages, and  benefits; loss of employment opportunities, wages, and benefits; loss of economic opportunities and positions and advancements in the future; damage to his reputation; loss  of  sleep;  lasting psychological damage; loss of capacity for enjoyment of life; and emotional distress, including mental anguish, anxiety, fear, frustration, humiliation, and  embarrassment.

## CLAIM FOR RELIEF

**COUNT I– ACTION FOR VIOLATION OF 15 U.S.C. § 1681b(b)(3)(A)(i) and/or (B)
Failure to Provide Pre-Adverse Action Disclosures**

44.     Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs as if fully stated herein.

45.     Jet Parts Engineering willfully violated the FCRA, 15 U.S.C. §1681b(b)(3)(A)(i) and/or (B), because it failed to provide a copy of the consumer report used to make an employment decision and other mandated disclosures to Plaintiff before taking an adverse action that was based in whole or in part on that report in the manner and in the time period mandated by the FCRA.

46.     Plaintiff seeks actual and statutory damages for this violation pursuant to 15 U.S.C. §1681n(a)(1)(A) and (B).

47.    Plaintiff seeks punitive damages and equitable relief for this violation pursuant to 15 U.S.C §1681n(a)(2).

48.    In the alternative to the Plaintiff's allegations that these violations were willful, he alleges that the violations were negligent and seeks an appropriate remedy, if any, under 15 U.S.C.§1681o.

49.    Plaintiff is entitled to recover his reasonable attorney's fees and court costs in this action pursuant to 15 U.S.C. §1681n(a)(3).

WHEREFORE, Plaintiff demands judgment against Defendant, Jet Parts Engineering, LLC, for damages, together with court costs and attorney's fees pursuant to 15 U.S.C. §1681n(a)(3).

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby demands a trial by jury on all issues so triable.

Date: August 3, 2026

*/s/ Robert W. Murphy*_____
ROBERT W. MURPHY
440 Premier Circle, Suite 240
Charlottesville, VA 22901
Telephone: (434)328-3100 / (954) 763-8660
Fax: (434)328-3101 / (954) 763-8607
rwmurphy@lawfirmmurphy.com
*Attorney for Plaintiff*